**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELBER PORTILLO-PORTILLO, | No. 24-4778 |
| Petitioner, | Agency No. A070-032-807 |
| v. | |
| PAMELA J. BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Delber Portillo-Portillo, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") July 24, 2024 decision denying his motion to reopen. We deny the petition.

Generally, a motion to reopen must be filed within 90 days of the final removal order and is limited to one motion. *See* 8 C.F.R. § 1003.2(c)(2). An

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

exception applies if the motion is based on changed country conditions and is supported by material evidence that was not available at the prior hearing. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA concluded that Portillo's motion did not satisfy the requirements for this exception.

First, the government asserts that Portillo waived review of the motion to reopen because he failed to address the BIA's decision that he has not shown changed country conditions. We construe arguments by pro se petitioners liberally. *Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir. 2002). Portillo identified the proper standard of review for motions to reopen and offered a brief argument regarding the "rise" of "strongm[e]n" in El Salvador. Construing his opening brief liberally, we do not consider his challenge waived.

Second, reviewing the petition, the BIA did not abuse its discretion in denying Portillo's motion to reopen. A motion to reopen must present material evidence previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1). The new evidence must also be "qualitatively different" from what was previously presented. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

The evidence Portillo submitted—a single country report describing generalized violence and governmental corruption in El Salvador—does not establish materially changed conditions. Portillo has not argued that the report showed an escalation in violence, targeting of former gang members, or increased

2

government complicity beyond what was already in the record from his last hearing in 2016, when he presented a country report that also described generalized violence and governmental corruption.

By failing to present sufficient evidence of changed country conditions, Portillo has not met the "heavy burden" of demonstrating that a new hearing is warranted. *See Abadu v. INS*, 485 U.S. 94, 110 (1988).

**PETITION DENIED.**